UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

YIGAL COHEN HAREL, an individual;
INTEGRAL LOGISTICS, LLC, a Florida limited
liability company,

                Plaintiffs,

-against-

K.K. INTERNATIONAL TRADING CORP., K.K.
INTERNATIONAL CORP., JOHN DOES 1-10 and
XYZ CORPORATIONS 1-10,

                Defendants.

------------------------------------------------------------X

Civil Action No.

**COMPLAINT FOR
PATENT INFRINGEMENT**

CV 12 - 04527

KORMAN, J.

POHORELSKY, M.J.

### INJUNCTIVE RELIEF SOUGHT

Plaintiff Yigal Cohen Harel and Plaintiff Integral Logistics, LLC, by and through their undersigned counsel, as and for their Complaint against Defendants, allege as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement in connection with Defendant K.K. International Trading Corps. and Defendant K.K. International Corp.'s (hereinafter collectively "K.K.") making, importing, offering for sale and selling lighters and lighter inserts, including but not limited to their Jetline™ Ztorch™ lighter inserts and lighters that are substantially similar to the designs covered by United States Design Patents owned by Plaintiff Yigal Cohen Harel. K.K.'s infringing conduct has damaged the Plaintiffs and inflicted irreparable harm.

2. Plaintiff Yigal Cohen Harel and Plaintiff Integral Logistics, LLC seek, *inter alia*, disgorgement of K.K.'s profits from the sale of the infringing products and injunctive relief.

21934/043/1337088

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over the claims for patent infringement under 28 U.S.C. §§ 1331 and 1338(a) in that said claims arise under the Patent Laws of the United States, 35 U.S.C. § 1 et seq."

4. K.K. is subject to this Court's specific and general personal jurisdiction, and venue is appropriate in this Court pursuant to 28 U.S.C. §§1391(b), 1391(c) and 1400(b). K.K. maintains its principal place of business in this forum and has substantial business in this forum, including and relating to the infringements alleged herein. Further, on information and belief, K.K. is subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in this State. Further, K.K. transacts business in this State and has committed, or has caused to be committed, acts of patent infringement within and/or outside this State that have caused injury to Plaintiffs.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because K.K. is a resident in this District and because a substantial part of the events giving rise to the claim occurred in this District.

## THE PARTIES

6. Plaintiff Yigal Cohen Harel (hereinafter "Harel"), is a resident of Florida with a residence address of 2680 Riviera Ct, Weston, Florida 33332.

7. Plaintiff Integral Logistics, LLC (hereinafter "Integral") is a limited liability company organized and existing under the laws of the State of Florida and having a principal place of business at 4676 N. Hiatus Road, Sunrise, Florida 33351. Harel and Integral are hereinafter collectively referred to as "Plaintiffs".

2

8.  Integral is a distributor of lighters and cigar accessories, including but not limited to its Zplus!™ lighters and lighter inserts.

9.  Upon information and belief, K.K. International Trading Corp. is a corporation organized and existing under the laws of the state of New York and having a principal place of business at 4125 163rd St, Flushing, NY 11358.

10. Upon information and belief, K.K. International Corp. is a corporation organized and existing under the laws of the state of New York and having a principal place of business at 95 Seaview Blvd., Suite 102, Port Washington, NY 11050.

11. Upon information and belief, K.K. is a manufacturer and distributor of lighters and smoking accessories, including but not limited to its Jetline™ Ztorch™ lighter inserts and lighters.

12. Upon information and belief, Defendants John Does are individuals who reside or do or transact business in this District, and have engaged and participated in, and/or have directed, directly or contributory, the unlawful acts set forth herein. The true identities of Defendants John Does 1-10 are not presently known to Plaintiffs. Plaintiffs will amend their complaint upon discovery of the identities of such Defendants ("John Does").

13. Upon information and belief, Defendants XYZ Corporations 1-10 are businesses that reside or do or transact business in this District, and have engaged and participated in, directly or contributory, the unlawful acts set forth herein. The true identities of Defendants XYZ Corporations 1-10 are not presently known to Plaintiffs. Plaintiffs will amend their Complaint upon discovery of the identities of such Defendants ("XYZ Corps"). Hereinafter K.K., John Does and XYZ Corps are sometimes combined as "Defendants."

21934/043/1337088

## FACTS COMMON TO ALL COUNTS

14. On January 25, 2005, U.S. Patent No. D501,274 (the "'274 Patent"), entitled "Lighter", was issued by the United States Patent and Trademark Office, covering an ornamental design for the lighter. The application from which the '274 Patent issued was filed on February 24, 2004. A true and correct copy of the '274 Patent is attached as **Exhibit "A"** hereto.

15. On November 9, 2004, U.S. Patent No. D498,328 (the "'328 Patent"), entitled "Lighter", was issued by the United States Patent and Trademark Office, covering an ornamental design for the lighter. The application from which the '328 Patent issued was filed on February 24, 2004. A true and correct copy of the '328 Patent is attached as **Exhibit "B"** hereto.

16. Harel is the sole inventor and owner of the '274 and '328 Patents.

17. The '274 and '328 Patents are in full force and effect as of the date of this Complaint and all times relevant to the allegations herein.

18. Integral is a licensee of the '274 and '328 Patents.

19. Subsequent to the filing of the '274 and '328 Patents, Integral began selling lighters and lighter inserts under its Zplus!™ trademark. The packaging of Integral's Zplus!™ lighters and lighter inserts have been marked with the patent numbers of the '274 and '328 Patents since at least August 2012.

20. Upon information and belief, subsequent to the issuance of the '274 and '328 Patents, K.K. began, *inter alia*, manufacturing and selling lighters and lighter inserts under its Jetline™ Ztorch™ trademarks that embody the designs covered by the '274 and '328 Patents (the "Infringing Lighters"). A true and correct copy of a photograph of Integral's Zplus! lighter insert and an infringing K.K. Jetline™ Ztorch™ lighter insert is attached as **Exhibit "C"**.

4

21. Upon information and belief, K.K. currently, *inter alia*, manufactures, sells and intends to sell throughout the United States, in this State, and in this District its lighters and related products, including the Infringing Lighters. K.K.'s product catalogue is made available on its website at www.slimlinelighter.com. True and correct copies of pages from K.K.'s product catalog illustrating the Jetline™ lighter inserts and lighters, including the Infringing Lighters, are attached as **Exhibit "D"** hereto.

22. Upon information and belief, K.K. operates a retail website at www.magic25filter.com, and also operates a Magic25filters storefront on the Amazon.com website, where it, *inter alia*, advertises, offers for sale, and sells, its lighters and related products, including the Infringing Lighters, to customers in this State and this District. True and correct copies of printouts from K.K.'s www.magic25filter.com website and Amazon site offering the Jetline™ lighter inserts and lighters, including the Infringing Lighters, are attached as **Exhibit "E"** hereto.

23. Upon information and belief, K.K. has been on actual and constructive notice of the '274 and '328 Patents since at least as early as August 2012 and has had continuing sales of the Infringing Lighters which have been willful.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. D501,274

24. Plaintiffs re-allege and incorporates hereto by reference paragraphs 1-23 of this Complaint as though fully set forth herein.

25. Defendants have infringed and continue to infringe the claims of the '274 Patent. Defendants are infringing by making, using, selling and/or offering to sell, or allowing others to make, use, sell and/or offer for sale, in the United States or by importing into or allowing others to import into the United States, including in New York and in this District, Infringing Lighters

5

that are covered by one or more of the '274 Patent claims and will continue to do so unless enjoined by this Court.

28. In addition, through the sale of Infringing Lighters to others for resale, Defendants have induced infringement of the '274 Patent by others and have committed acts of contributory infringement of the '274 Patent.

27. Upon information and belief, Defendants' infringement of the '274 Patent has been willful and malicious and with actual or constructive knowledge that Harel is the owner of a patent claiming the infringed design.

28. Plaintiffs have sustained damages as a result of the infringing acts of Defendants.

29. Plaintiffs have suffered and will continue to suffer irreparable harm unless infringement of the '274 Patent is enjoined.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. D498,328

30. Plaintiffs re-allege and incorporates hereto by reference paragraphs 1-29 of this Complaint as though fully set forth herein.

31. Defendants have infringed and continue to infringe the claims of the '328 Patent. Defendants are infringing by making, using, selling and/or offering to sell, or allowing others to make, use, sell and/or offer for sale, in the United States or by importing into or allowing others to import into the United States, including in New York and in this District, Infringing Lighters that are covered by one or more of the '328 Patent claims and will continue to do so unless enjoined by this Court.

32. In addition, through the sale of Infringing Lighters to others for resale, Defendants have induced infringement of the '328 Patent by others and has committed acts of contributory infringement of the '328 Patent.

6

33. Upon information and belief, Defendants' infringement of the '328 Patent has been willful and malicious and with actual or constructive knowledge that Harel is the owner of a patent claiming the infringed design.

34. Plaintiffs have sustained damages as a result of the infringing acts of Defendants.

35. Plaintiffs have suffered and will continue to suffer irreparable harm unless infringement of the '328 Patent is enjoined.

**WHEREFORE**, Plaintiffs pray that the Court:

A. Enter a judgment that Defendants have infringed, induced infringement and contributed to the infringement of U.S. Patent No. D501,274;

B. Enter a judgment that Defendants have infringed, induced infringement and contributed to the infringement of U.S. Patent No. D498,328;

C. Enter a judgment for permanent injunctive relief pursuant to 35 U.S.C. § 283, enjoining Defendants, their officers, agents, servants, employees, representatives, parents, subsidiaries, affiliates, divisions, successors, assigns, and those persons or entities in active concert or participation with them from further acts of patent infringement;

D. Order Defendants to pay damages under 35 U.S.C. §§ 285 and 289 to adequately compensate Plaintiffs for Defendants' patent infringement, including an award of Defendants' profits from its infringement of U.S. Patent Nos. D501,274 and D498,328, together with pre- and post-judgment interest;

E. Find that Defendants' patent infringement was willful and malicious and award treble damages to Plaintiffs under 35 U.S.C. § 284;

F. Find this to be an exceptional case of patent infringement and award reasonable attorneys' fees to Plaintiffs under 35 U.S.C. § 285;

G.   Award such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury of all issues so triable.

Dated: New York, New York
September 7, 2012

                                        Respectfully submitted,

                                        COWAN LIEBOWITZ & LATMAN, P.C.

                                        By:_____
                                           Meichelle R. MacGregor (mrm@cll.com)
                                           Arlana S. Cohen (asc@cll.com)
                                           Mark Montague (mxm@cll.com)
                                           Michael G. Gabriel (mgg@cll.com)
                                        1133 Avenue of the Americas
                                        New York, New York 10036-6799
                                        Tel: (212) 790-9200
                                        *Attorneys for Plaintiff*

8

21934/043/1337088

AO 120 (Rev. 08/10)

| TO: | Mail Stop 8<br>**Director of the U.S. Patent and Trademark Office**<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court   **Eastern District of New York**   on the following

☐ Trademarks or   ☑ Patents.   ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO. | DATE FILED<br>9/7/2012 | U.S. DISTRICT COURT<br>Eastern District of New York |
|---|---|---|
| PLAINTIFF<br>YIGAL COHEN HAREL, an individual (Weston, Florida 33332); INTEGRAL LOGISTICS, LLC, a Florida limited liability company (4676 N. Hiatus Road, Sunrise, Florida) | | DEFENDANT<br>K.K. INTERNATIONAL CORP. and K.K. INTERNATIONAL TRADING CORP. (both NY Corps.) |

| PATENT OR TRADEMARK NO. | DATE OF PATENT OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1 D501,274 | 1/25/2005 | Yigal Cohen Harel |
| 2 D498,328 | 11/9/2004 | Yigal Cohen Harel |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading | |
|---|---|---|
| PATENT OR TRADEMARK NO. | DATE OF PATENT OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

Copy 1—Upon initiation of action, mail this copy to Director   Copy 3—Upon termination of action, mail this copy to Director
Copy 2—Upon filing document adding patent(s), mail this copy to Director   Copy 4—Case file copy