UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                               :

YIGAL COHEN HAREL, an individual;     :
INTEGRAL LOGISTICS, LLC, a Florida    :   **MEMORANDUM DECISION**
limited liability company,              :   **AND ORDER**
                                               :

                        Plaintiffs,     :   12 Civ. 4527 (BMC)
                                                 :

                   - against -        :
                                                 :

K.K. INTERNATIONAL TRADING CORP.,  :
K.K. INTERNATIONAL CORP., et al.,    :
                                                   :

                    Defendants.

-------------------------------------------------------- X

**COGAN, District Judge.**

       Plaintiffs brought this action seeking monetary and injunctive relief based on the alleged

infringement by defendants of U.S. Patent No. D501,274 (the "'274 Patent") owned by

plaintiffs.[1]  The parties have crossed-moved for summary judgment on plaintiffs' infringement

claim and, conversely, on defendants' counterclaims for a declaration of non-infringement and

invalidity.  For the reasons stated below, I hold as a matter of law that there was no infringement.

I decline to reach the issue of patent validity.

**BACKGROUND**

       Plaintiff Yigal Cohen Harel ("Harel"), the creator of the design of the '274 Patent, has

been in the lighter and smoking accessories business for over 25 years.  The '274 Patent, which

was issued in January 2005, is solely owned by Harel, as are several other patents for lighter

designs.  Harel founded plaintiff Integral Logistics, LLC ("Integral") to operate his lighter

---

[1] The parties filed a stipulation of dismissal of their claims and contentions relating to U.S. Patent No. 498,328 (the "'328 Patent").  Thus, the only patent at issue is the '274 Patent.

business, and licensed the '274 patent to both Integral and a company called Blazer Products, Inc. ("Blazer"), both of which sold a lighter insert called the "Z-Plus!" under their license.  A "lighter insert" refers to a functionally complete lighter that is intended for use in a lighter case. The design of the Z-plus! lighter insert is an embodiment of the design claimed in the '274 Patent.  Integral's Z-plus! lighter inserts are sized to fit in various lighter cases, including Integral lighter cases, Zippo® lighter cases, and other third-party lighter cases.

Defendant K.K. International Trading Corp. ("KK"), which also sells smoking accessories such as lighters and cigar cutters, imports and sells two accused products:  a "lighter" line known as the ZTorch dual torch lighter, and a "lighter insert" known as the ZTorch dual torch flame.  The ZTorch lighter is sold with colored, outer perforated trims or shells on the top cap and bottom of the lighter case; the various ZTorch lighters in this dual torch lighter line are identical except that they have different colored cap and bottom trims.  The various colors of trim offered on the ZTorch lighters are black, black/yellow, pearl, red/black, silver, pearl red, blue, army green, blue/pearl red, and yellow.  KK does not make, import, offer to sell, sell or use the various lighters in the ZTorch dual lighter line without the trim on the cap and body, has never done so, nor has it ever advertised, instructed or encouraged others to do so.  In addition, although the colored bottom trims on the outside of the ZTorch lighter are removable (it slides off the case) it is not necessary to remove the cap or bottom trims of the ZTorch lighters to refuel them or for any other purpose.

Plaintiffs contend that KK's ZTorch "lighter insert" and ZTorch "lighter (without the fuel tank trim and cap trim) infringe the '274 Patent.  Plaintiffs also contend that the fully-assembled ZTorch lighters, i.e., those that include the fuel tank trim or sleeve and cap sleeve, infringe the '274 Patent.

**DISCUSSION**

**I.      Standard of Review and Applicable Law**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548 (1986); see also Fed. R. Civ. P. 56(c).  A genuine issue of material fact exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505 (1986).

"Determining design patent infringement involves two steps."  HR U.S. LLC v. Mizco Intern., Inc., No. CV-07-2394 (DGT)(JO), 2009 WL 890550, at *9 (E.D.N.Y. Mar. 31, 2009) (citing Elmer v. ICC Fabricating, Inc., 67 F.3d 1571, 1577 (Fed. Cir. 1995)).  First, the Court must construe the design patent's claim.  Catalina Lighting, Inc. v. Lamps Plus, Inc., 295 F.3d 1277 (Fed. Cir. 2002).  "A design patent's claim is limited to what is shown in the application drawings."  HR U.S. LLC, 2009 WL 890550, at *9 (citations omitted).  Courts need not attempt to provide a detailed verbal description of the claimed design, since the illustration of the design is its own best description.  See Egyptian Goddess, Inc. v. Swisa, Inc., 543 F.3d 665 (Fed. Cir. 2008).

Second, the Court must compare the claim as properly construed with the accused design to determine whether they are "substantially the same."  See Elmer, 67 F.3d at 1577.  The standard for determining design patent infringement, as clarified by the Federal Circuit in Egyptian Goddess, applies the "ordinary observer test," established by the Supreme Court in Gorham Co. v. White, 81 U.S. 511, 528 (1871):

> [I]f, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other.

Where the claimed and accused designs are not plainly dissimilar, the Federal Circuit has explained that resolution of the question of whether the ordinary observer would consider the two designs to be substantially the same "will benefit from a comparison of the claimed and accused designs with the prior art . . . ". Egyptian Goddess, 543 F.3d at 678.  Moreover, "[w]here there are many examples of similar prior art designs . . . differences between the claimed and accused designs that might not be noticeable in the abstract can become significant to the hypothetical ordinary observer who is conversant with the prior art." Id.

Although claim construction is a question of law, the ultimate determination of design patent infringement is a question of fact that plaintiffs must prove by a preponderance of the evidence.  HR U.S. LLC, 2009 WL 890550, at *9 (citations omitted).  Nevertheless, like any question of fact, a court may rule as a matter of law if no reasonable jury could find in one party's favor.  Thus, where appropriate, courts, in applying the ordinary observer test, both before and after Egyptian Goddess, have not hesitated to grant summary judgment based on a "mere visual comparison of the patented design and the accused product."  HR U.S. LLC, 2009 WL 890550, at *9 (quoting Tropicana Prods, Inc. v. Land O'Lakes, Inc., 286 F.Supp.2d 343, 345 (D. Del. 2003) (granting summary judgment where designs did not share "an overall visual similarity"); see also Elmer v. ICC Fabricating, Inc., 67 F.3d 1571 (Fed. Cir. 1995); Pacific Handy Cutter, Inc. v. Quick Point Inc., No. SA CV 96-399GLT (EEX), 1997 WL 607501 (C.D. Cal. 1997).

## II.    Design Patent Infringement Analysis

As an initial matter, the claimed design is not in dispute.  The parties agree that the '274

Patent claims the ornamental design of a lighter shown in Figures 1 to 7 of the '274 Patent, as

shown below:



Thus, the Court need only apply the "ordinary observer" test to determine whether defendants' lighter insert and/or lighter infringe the '274 Patent.  After visually comparing the design of the '274 Patent and defendants' ZTorch lighter insert, lighter, and full-assembled lighter, the Court concludes that no reasonable trier of fact could find that the designs are substantially similar such that an ordinary observer would be induced to mistakenly purchase one instead of the other.  The designs are clearly dissimilar and they do not share an overall visual similarity.  Applying a "side-by-side view of the drawings of the [design patent] and the accused products," see Crocs, Inc. v. Int'l Trade Comm'n., 598 F.3d 1294, 1304 (Fed Cir. 2010), reveals striking differences in the two products.

With respect to the ZTorch lighter insert, the claimed design and the accused ZTorch lighter insert are plainly different in several significant ways.



First, the windguard of the '274 Patent (Figure 4 on the left) has five vertical lines while defendants' ZTorch insert (on the right) is ornamented with a pattern of eight dimples, arranged in three horizontal, vertically offset rows.  Second, defendants' Ztorch insert has a textured,

metal frame on the upper end of the bottom half of the insert, whereas plaintiffs' '274 Patent has a plain, smooth surface covering the entire insert's bottom half.  Third, as demonstrated in plaintiffs' infringement contentions for the '274 Patent (image not included above), one side of the ZTorch insert includes a square window on the lower part of the insert, which is not shown at all in the drawings of the '274 Patent.  Fourth, a comparison of Figure 2 of the '274 Patent and the accused ZTorch insert shows that plaintiffs' design has a single burner whereas defendants' ZTorch insert includes two burners.  No ordinary observer would confuse these two designs.

Next, the Court turns to the ZTorch lighter to determine whether it is substantially similar to the '274 Patent design.  Defendants argue that plaintiffs, in their contentions, illustrated a ZTorch lighter which plaintiffs altered by removing the cap and body trims in a misguided attempt to make the ZTorch lighter appear more similar to the claimed design.  Plaintiffs argue that the colored trim is a feature extraneous to the patented design which "may not serve as a valid basis for comparison in a design patent infringement analysis."  Payless ShoeSource, Inc. v. Reebok Intern. Ltd., 998 F.2d 985, 990 (Fed. Cir. 1993) (finding that the district court was improperly influenced by features extraneous to the claimed design, such as commercial embodiments of the patents, rather than by the claimed designs themselves).  The Court agrees with plaintiffs.  The colored trims are not the type of alteration that the Federal Circuit held in High Tech Med. Instrumentation v. New Image Ind., 49 F.3d 1551 (Fed. Cir. 1995), avoided infringement.  If the colored trims were not removable but rather a part of the design of the case, the analysis would clearly be different.

Even if the Court were to compare defendants' lighter, "altered" to remove the cap and body trims, as shown in plaintiffs' infringement contentions, however, there are noticeable differences between the lighters that would be observable to an ordinary purchaser.  The most

obvious difference is the difference in windguards; defendants' eight dimpled ornamentation is still prominently displayed, although the insert is now inside the lighter.  This is an obvious difference from the five vertical lines on plaintiffs' windguard.  Moreover, defendants' lighter has a cap and lever, whereas plaintiffs' design does not.



|  US PATENT D501,274  |  KK's Z-Torch Lighter (without plastic grips)  |

The Court rejects plaintiffs' argument that an ordinary observer would not focus on "any minor differences" such as the eight dimples on the windguard, because "the lighter profile is the dominant visual design element of the lighter."  While it is true that in making the visual comparison between the patented design and the accused design, the emphasis is on the overall effect of the two designs, and not on any individual details, see Crocs, Inc. v. Int'l Trade Comm'n, 598 F.3d 1294, 1303-04 (Fed Cir. 2010), the design of the windguards inevitably influences the overall effect of each of the lighters.  They are the signature element of the lighters, and they are quite clearly distinguishable.

Plaintiffs argue that the outline and profile of the two lighter designs are "the same" but this ignores the glaring difference highlighted by the windguards.  The fact of the matter is that these kinds of lighters may and most likely will continue to have very similar or "the same" outline and profile because they are all rectangular lighters.  The fact that the accused and patented designs have the same or similar shape is not sufficient to demonstrate that an ordinary observer would confuse the two products, especially where there are other unmistakable differences in design.  Finally, because a visual comparison alone is sufficient to determine non-infringement under the ordinary observer test, the Court finds that the expert testimony submitted by plaintiffs cannot create a material issue of fact, where the visual comparison reveals that the alleged infringing lighter is not substantially similar to the '274 Patent design.  See HR U.S. LLC v. Mizco Intern., Inc., No. CV-07-2394 (DGT)(JO), 2009 WL 890550 (E.D.N.Y. Mar. 31, 2009).

The Court concludes that defendants' ZTorch lighter and lighter insert do not infringe on the '274 Patent.  In the exercise of discretion, the Court dismisses defendants' counterclaim for a declaration of invalidity as moot.  See Phonometrics, Inc. v. N.Telecom Inc., 133 F.3d 1459 (Fed. Cir. 1998).

**CONCLUSION**

Defendants' motion for summary judgment [23] is granted in part, and plaintiffs' motion for summary judgment [36] is denied.  Defendants are directed to submit a proposed judgment within seven days.

**SO ORDERED.**

_____
                                                         U.S.D.J.

Dated: Brooklyn, New York
         January 10,  2014